IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

YOUNGSTOWN DIVISION

| | |
|---|---|
| **DESHA SURBER, Individually and as Administrator of the Estate of Joshua Surber, Deceased** <br> 33951 State Route 83 <br> Millersburg, OH 44654 <br><br>            Plaintiff, <br><br> vs. <br><br> **BRIDGESTONE AMERICAS, INC.** <br> 535 Marriott Drive <br> Nashville, TN 37214 <br><br>            and <br><br> **FIRESTONE TIRE & RUBBER CO.** <br> 535 Marriott Drive <br> Nashville, TN 37214 <br><br>            and <br><br> **TITAN INTERNATIONAL, INC.** <br> 2701 Spruce Street <br> Quincy, Illinois 62301 <br><br>            and <br><br> **TITAN WHEEL CORPORATION** <br> 2701 Spruce Street <br> Quincy, Illinois 62301 <br><br>            and | CASE NO. : _____ <br><br> JUDGE _____ <br><br><br> **COMPLAINT** <br><br> **(Jury Demand Endorsed Hereon)** |

| | |
|---|---|
| **DEERE & COMPANY** | ) |
| dba JOHN DEERE | ) |
| One John Deere Place | ) |
| Moline, Illinois 61265 | ) |
| | ) |
| and | ) |
| | ) |
| **DOE DEFENDANTS NOS. 1-10** | ) |
| Names and Addresses Presently Unknown | ) |
| | ) |
| Defendants. | ) |

Now comes Plaintiff Desha Surber, by and through Counsel, and for her Complaint, alleges the following:

**PARTIES, BACKGROUND ALLEGATIONS, JURISDICTION AND VENUE**

1. Plaintiff Desha Surber is the Administrator of the Estate of Joshua Surber, decesased, as appointed by the Coshocton County, Ohio Probate Court.

2. Plaintiff Desha Surber is also the widow of Joshua Surber, deceased.

3. Joshua Surber was killed on April 12, 2006, when an agricultural tractor tire, which he was inflating and mounting on a tractor rim, exploded.  The tire and rim were deigned and/or manufactured and or/or placed in the stream of commerce by the Defendants.

4. On information and belief, the tire in question was designed and manufactured by Defendants Bridgestone Americas, Inc., and/or Firestone Tire & Rubber Company.

5. On information and belief, the rim in question was deigned and manufactured by a company formerly known as Can-Am, which now is known as Defendant Titan International, Defendant Titan Wheel Corporation and/or by Defendant Deere & Company.

6. Plaintiff and her decedent were at all times relevant hereto citizens and residents of the State of Ohio.

7. On information and belief, Defendant Bridgestone Americas, Inc. is, and was at all times relevant hereto, a foreign (non-Ohio) corporation with its principal place of business in the State of Tennessee.

8. On information and belief, Defendant Firestone Tire & Rubber Company is, and was at all times relevant hereto, a foreign (non-Ohio) corporation with its principal place of business in the State of Tennessee, and was a subsidiary and/or affiliate of Defendant Bridgestone Americas, Inc.

9. On information and belief, Defendant Titan International, Inc. is, and was at all times relevant hereto, a foreign (non-Ohio) corporation with its principal place of business in the State of Illinois.

10. On information and belief, Defendant Titan Wheel Corporation is, and was at all times relevant hereto, a foreign (non-Ohio) corporation with its principal place of business in the State of Illinois, and was a subsidiary and/or affiliate of Defendant Titan International, Inc.

11. On information and belief, Defendant Deere & Company, dba John Deere, is, and was at all times relevant hereto, a foreign (non-Ohio) corporation with its principal place of business in the State of Illinois.

12. On information and belief, Doe Defendants are or may be individuals or entities who are also liable for the injuries and death suffered by Plaintiff's decedent, whose identities and addresses are presently unknown.

13. Jurisdiction of this Court is invoked under federal diversity jurisdiction provided by 28 U.S.C. § 1332, in that Plaintiffs are citizens of the State of Ohio and Defendants are citizens of states other than the State of Ohio.

14. Venue is proper in this Court under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred within this Judicial District (specifically, in Trumbull County, Ohio).

## COUNT ONE
### (Wrongful Death)

15. Plaintiff incorporates by referenced the allegations contained in the preceding paragraphs of this Complaint as if fully restated herein.

16. Plaintiff Desha Surber is the duly appointed Administrator of the Estate of Joshua Surber, deceased, having been so appointed by the Coshocton County Probate Court. Plaintiff's Decedent, Joshua Surber, died on April 12, 2006.

17. Plaintiff Desha Surber brings this wrongful death action pursuant to O.R.C. § 2125.02 as personal representative of the Estate of Joshua Surber for the exclusive benefit of the surviving family and other next of kin of Decedent Joshua Surber.

18. As a direct and proximate result of Defendants' reckless, negligent or otherwise tortious or liable conduct, Defendants recklessly, negligently and/or wrongfully caused the death of Decedent Joshua Surber on April 12, 2006.

19. Decedent Desha Surber was survived by his wife and two daughters, mother and father and siblings, and other relatives and next of kin, who are the beneficiaries of this action.

20. As a direct and proximate result of Decedent Joshua Surber's death, Decedent Joshua Surber's beneficiaries have suffered damages for loss of his services over the time he was expected to live.

21. As a direct and proximate result of Decedent Joshua Surber's death, Decedent Joshua Surber's beneficiaries have suffered damages for loss of his society over his life expectancy, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training and education.

22. As a direct and proximate result of Decedent Joshua Surber, Decedent Joshua Surber's heirs at law at the time of his death have suffered damages for loss of prospective inheritance.

23. As a direct and proximate result of Decedent Joshua Surber's death, Decedent Joshua Surber's beneficiaries have suffered damages for the mental anguish caused by his death.

24. As a direct and proximate result of Decedent Joshua Surber's death, medical, funeral and burial expenses have been incurred.

25. As a direct and proximate result of Decedent Joshua Surber's death, Decedent Joshua Surber's beneficiaries have suffered the loss and support from the expected earning capacity of Decedent Joshua Surber.

26. As a direct and proximate result of Decedent Joshua Surber's death, Decedent Joshua Surber's beneficiaries have suffered severe mental anguish, depression, emotional distress, and anxiety permanently impairing their ability to enjoy a normal life.

## COUNT TWO
### (Loss of Consortium)

27. Plaintiff incorporates by reference the preceding allegations contained in this Complaint as if fully restated herein.

28. At all times relevant hereto, Plaintiff Desha Surber and Decedent Joshua Surber were married.

29. As a direct and proximate result of Defendants' negligence or other tortious conduct, Plaintiff Desha Surber has suffered a loss of her husbands consortium, society, services and companionship.

## COUNT THREE
### (Defective Manufacturer Construction)

30. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

31. Defendants are manufacturers under Ohio Revised Code § 2307.71, *et seq*.

32. On information and belief, the tire in question was designed and manufactured by Defendants Bridgestone Americas, Inc. and/or Firestone Tire & Rubber Company.

33. On information and belief, the rim in question was deigned and manufactured by a company formerly known as Can-Am and which is now known as Defendant Titan International, Defendant Titan Wheel Corporation and/or by Defendant Deere & Company.

34. The tire and/or rim at issue in this Complaint were defective in their manufacture and/or construction.

35. As a direct and proximate result of the defects in the manufacture and/or construction of the tire and/or rim, Plaintiff suffered damages as set forth above.

## COUNT FOUR
### (Defective Design/Formulation)

36.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

37.     Defendants are manufacturers under Ohio Revised Code § 2307.71, *et seq*.

38.     On information and belief, the tire in question was designed and manufactured by Defendants Bridgestone Americas, Inc., and/or Firestone Tire & Rubber Company.

39.     On information and belief, the rim in question was deigned and manufactured by a company formerly known as Can-Am and which is now known as Defendant Titan International, Defendant Titan Wheel Corporation and/or by Defendant Deere & Company.

40.     The tire and/or rim at issue in this Complaint were defective in their design and/or formulation.

41.     As a direct and proximate result of the defect in the design and/or formulation of the tire and/or rim, Plaintiff suffered damages as set forth above.

## COUNT FIVE
### (Inadequate Warnings)

42.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

43.     Defendants are manufacturers under the Ohio Revised Code § 2307.71, *et seq*.

44.     On information and belief, the tire in question was designed and manufactured by Defendants Bridgestone Americas, Inc. and/or Firestone Tire & Rubber Company.

45. On information and belief, the rim in question was deigned and manufactured by a company formerly known as Can-Am and which is now known as Defendant Titan International, Defendant Titan Wheel Corporation and/or by Defendant Deere & Company.

46. The tire and/or rim at issue in this Complaint were defective due to inadequate warnings and/or instructions.

47. As a direct and proximate result of this defect in the tire and/or rim, Plaintiff suffered damages as set forth above.

## COUNT SIX
### (Failure to Conform to Representations)

48. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

49. Defendants are manufacturers under the terms of Ohio Revised Code § 2307.71, *et seq*.

50. The tire and/or rim at issue in this Complaint is defective because they do not conform to representations made by Defendants.

51. As a direct and proximate result of these defects, Plaintiff has suffered damages as set forth above.

## COUNT SEVEN
### (Supplier Liability)

52. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

53. Defendants are suppliers, as that term is used in Ohio Revised Code § 2307.71, *et seq.*, of the tire and/or at issue in this Complaint.

54. Defendants were negligent with respect to the tire and/or rim at issue in this Complaint, and Defendants' negligence was a direct and proximate cause of the damages suffered by the Plaintiff as set forth above.

55. When the tire and/or rim left the control of Defendants, the tire and/or rim did not conform to representations made by Defendants. Defendants' representations and failure to conform to the representations were a direct and proximate cause of the damages suffered by the Plaintiff as set forth above.

56. Even if any one or more of the Defendants is considered to be a supplier and not a manufacturer of the tire and/or rim, said Defendant(s) are liable as a manufacturer of the tire and/or rim pursuant to the terms of § 2307.78 of the Ohio Revised Code.

## COUNT EIGHT
**(Punitive Damages)**

57. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

58. The acts and/or omissions of Defendants were undertaken with a conscious and/or flagrant disregard of the rights and safety of persons such as Joshua Surber who might be harmed by the tire and/or rim. Defendants' acts or omissions caused a great probability of causing substantial harm to Plaintiffs.

59. The acts and omissions of Defendants were the direct and proximate cause of Plaintiff's injuries and damages.

60. As such, Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT NINE
**(Negligence)**

61. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

62. Defendants were negligent with respect to the manufacture, design, formulation and supply of the tire and/or rim at issue in the Complaint.

63. Defendants negligently failed to warn Plaintiff and people similarity situated about the defective and/or potentially dangerous propensities of the tire and/or rim at issue in this Complaint.

64. Defendants negligently failed to label and/or identify the tire and/or rim so as to properly instruct and/or warn Plaintiff and people similarly situated regarding the potentially dangerous propensities of tire and/or rim at issue in this Complaint.

65. As a direct and proximate result of the negligence of Defendants, Plaintiff has suffered damages as set forth above.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, and an award of compensatory damages in an amount in excess of $25,000.00, an award of punitive damages in an amount to be determined at trial, along with costs, expenses and attorney fees, and any and all other relief the Court may deem just and equitable.

    /s/ *David K. Schaffner*
David K. Schaffner (#0040373)
John P. Maxwell (#0064270)
**HARDIN & SCHAFFNER, L.P.A.**
132 Fair Avenue, N.W.
New Philadelphia, OH 44663
Telephone: (330) 364-9070

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of the within cause.

                                               _____
                                               Attorney for Plaintiff